### In re YEAUGER.

[Cite as *In re Yeauger* (1992), 83 Ohio App.3d 493.]

Court of Appeals of Ohio,
Union County.

No. 14–92–14.

Decided Nov. 5, 1992.

*Don W. Fraser,* for appellant.

*R. Larry Schneider,* for appellee.

Evans, Judge.

This is an appeal by Michael A. Yeauger from a judgment of the Court of Common Pleas of Union County finding him guilty of contempt and ordering him to comply with a support order as modified in the contempt hearing.

On February 7, 1991, Michael ("appellant") and Sheila Yeauger ("appellee") were granted a dissolution of their marriage. The decree of dissolution incorporated an agreement which had been prepared by appellee and her attorney. Appellant was not represented by an attorney.

The incorporated separation agreement required appellant to pay child support in the amount of $770.88 per month, and spousal support in the amount of $1,000 per month for ten years. The child support was calculated in conformance with the R.C. 3113.215 guidelines, assessing appellant's income at approximately $50,000 per year. Appellant testified that he was aware of the contents of the agreement, and had signed it voluntarily. The court approved the agreement and issued an order for wage withholding. Payments of $833.67 were timely made biweekly by appellant's employer, through the Union County Child Support Enforcement Agency.

On August 12, 1991, appellant filed a two-branch motion requesting (1) relief from judgment pursuant to Civ.R. 60(B), and (2) a rehearing on spousal and child support, asserting that his annual income had been reduced to approximately $32,000 to $34,000, as a result of an employer cutback in overtime. A hearing on the motion was held on October 17, 1991. The trial court denied relief based on Civ.R. 60(B), stating that the court lacked jurisdiction to rule on such motion. The court did, however, sustain the second branch of appellant's motion, granting him a modification of the child support order, but declined to consider modification of the alimony award since the trial court had specifically not retained jurisdiction over that order. Appellant did not appeal the court's denial of his motion for relief from judgment.

The court's order reduced the amount of child support based on the parties' changed financial circumstances. See R.C. 3113.215(B)(4). A new wage withholding order was issued, ordering appellant's employer to deduct $732.26 biweekly from appellant's wages. The amount to be deducted amounted to approximately seventy to seventy-five percent of appellant's disposable income. Neither party to this action appealed the court's modification of the order. However, approximately two months after the court issued the new support order, appellant resigned from his job and filed a petition in bankruptcy, and subsequently moved to Florida.

On January 15, 1992, appellee filed a "show cause" motion requesting the court to find appellant in contempt for failure to abide by the support order. Appellant was served with copies of the motion and notice of the hearing on pending motions to be held February 19, 1992. On February 6, appellant filed a motion for modification of support, based on "significant change in circumstances since the previous order of the Court," alleging that, although he had obtained employment as of January 27, 1992, his salary was only approximately $21,000

per year. Also on February 6, appellant filed a request for continuance of the hearing set for February 19, asserting that he needed more time to amass the funds for travel from Florida to Ohio. The court denied appellant's request, and the hearing was held as scheduled. Although appellant was unable to attend the hearing, he was represented at the hearing by his attorney.

Following the hearing, the court issued its judgment on the motions, finding appellant in contempt of the court's order. Appellant was sentenced to a jail term of thirty days, with provision for purging himself of contempt by paying all past due support within seven days from journalization of the order. The court stated further that appellant's motion for modification of support was "granted," and increased the child support based upon imputed income in the amount of $49,600 annually. Despite the evidence before it that appellant's present income averaged $250 to $300 per week, the court issued a wage withholding order in the amount of $410.41 per week. Appellant was further ordered to pay costs and appellee's attorney fees.

Appellant has appealed the court's judgment, asserting five assignments of error, some of which will be addressed collectively.

I

"The trial court abused its discretion in making a finding of contempt against Michael Yeauger."

II

"The trial court erred in failing to give Mr. Yeauger the statutorily required notices mandated by O.R.C. 2705.031(C)."

An action for contempt is properly brought as a motion pursuant to R.C. 2705.031, by "any party who has a legal claim to any support ordered for a child, spouse, or former spouse * * * for failure to pay the support." R.C. 2705.-031(B)(1). That code section specifically provides that the alleged contemnor must be granted due process by the court, through service of summons and an order to appear, prescribed as follows:

"(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:

"(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal

earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

"(2) Notice that the accused has a right to counsel, and that if the accused believes that he is indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;

. "(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

"(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a visitation order or decree."

. Appellant received no such summons or order. He thus contends that his constitutional right to due process has been violated by the court's failure to apprise him of his rights and the potential penalties, pursuant to R.C. 2705.-031(C). Conversely, appellee contends that due process has been satisfied under the Rules of Civil Procedure, and that, therefore, the court's failure to issue the proper summons and order was not prejudicial to appellant. For the following reasons, we agree with appellant that he was denied due process under the law of Ohio and the Constitution.

In *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 16 OBR 377, 475 N.E.2d 1284, we explained the requirements of due process in a contempt case for failure to pay court-ordered support:

"It has long been the established law of the United States as expressed in *In re Oliver* (1948), 333 U.S. 257, 275 [68 S.Ct. 499, 508, 92 L.Ed. 682, 695], that constitutional procedural due process 'requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.'

" * * *

"It is well established in the law of Ohio, as well as other jurisdictions, that a person charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order." *Courtney*, 16 Ohio App.3d at 334, 16 OBR at 383, 475 N.E.2d at 1290.

R.C. 2705.031(C) was promulgated by the legislature, mandating specific notice requirements in contempt actions. Furthermore, since such actions are initiated pursuant to special statutes, the Civil Rules setting forth the requirements of due process are not applicable. *Courtney*, 16 Ohio App.3d at 333, 16

OBR at 381, 475 N.E.2d at 1289 ("Contempt proceedings are prescribed by special statutes and, in no event, constitute civil actions in the context of these rules"; thus, such proceedings are exempted from the operation of the Rules of Civil Procedure); see, also, Civ.R. 1(C). Therefore, although appellant was served with appellee's motion to show cause, the court failed to heed the statutory mandate. The record demonstrates that the only notice issued by the court (which is not even confirmed and authenticated by any "proof of service") consisted of a brief "notice of hearing," as follows:

"This matter will come on for hearing on all pending Motions on February 19, 1992, at 1:30 P.M. in the Union County Common Pleas Courtroom.

"/s/ Julia L. Smith
"ASSIGNMENT COMMISSIONER

"COPIES TO:

"CSEA

"R. Larry Schneider, Esq. [Appellee's Counsel]

"111 West Sixth St.

"Marysville, Ohio 43040

"Sheila Gay Yeauger

"589 Wagon Wheel Lane

"Marysville, Ohio 43040

"Michael A. Yeauger

"Rt. 2, Box 175

"Fort White, Florida 32038"

The record is devoid of any evidence that the trial court complied with the common law, or with the statutory law which sets forth specific due process requirements for a finding of contempt. There is not even a *suggestion* on the record that appellant was served with the statutorily required summons and notice. See *Courtney, supra,* 16 Ohio App.3d at 332 16 OBR at 380–381, 475 N.E.2d at 1288–1289; R.C. 2705.031(C). Other districts besides our own have determined that the failure of the trial court to follow the mandate of the procedural statute is prejudicial error. In a case analogous to the one before us, the Court of Appeals for the Eleventh District cited a case from the Court of Appeals for the Fourth District, stating as follows:

" 'Since the legislature has mandated specific notice requirements, the courts are required to substantially comply with the statute. Here, the record is devoid of the required notice, thereby resulting in a deprivation of due process. * * *'
* * * If the procedural due process requirements of proper notice pursuant to R.C. 2705.031(C) could be avoided * * * the requirements set forth in R.C.

2705.031(C) would be meaningless. Surely, the state legislature did not intend that result." *Kosovich v. Kosovich* (Dec. 20, 1991), Lake App. No. 90–L–15–086, unreported, at 5–6, 1991 WL 274501 (quoting *Francis v. Francis* [Aug. 8, 1990], Lawrence App. No. 1925, unreported, 1990 WL 119250).

Accordingly, we find that appellant was, as he contends, denied the process due him under Ohio law and the Constitution. The first two assignments of error are sustained.

### III

"The trial court abused its discretion in attributing excessive income to Appellant."

### IV

"The trial court erred in entering an order for income withholding in excess of the limitations imposed by the Consumer Credit Protection Act."

The third and fourth assignments of error are not well taken. The Ohio Revised Code clearly permits the court to impute a certain income level to an obligor in cases where the obligor is voluntarily unemployed or underemployed. R.C. 3113.215(A)(1)(b); 3113.215(A)(5)(a). Although we vacate the judgment of the trial court herein due to the court's failure to observe due process requirements, the court's decision to impute to appellant his "potential" income was not *per se* an abuse of discretion.

It does appear that the court may have arbitrarily increased appellant's support payments pursuant to appellant's request for modification of the child support, without hearing evidence on the motion simply because appellant was not in attendance at the contempt hearing.[1] However, since we found, *supra*, that appellant's right to due process was infringed by the court's failure to issue the proper summons and thus hear the appropriate evidence of the change of circumstances which appellant intended to present as a basis for a reduction in child support *and* in defense of his failure to fully comply with the court's prior orders, the support calculation issue is moot at this point.

We further find that the excessive withholding of appellant's wages is attributable not to the trial court who made a permissible ruling on child support owed,

---

1. We note that an increase in child support obligations is not among the permissible sanctions available for punishment of contempt. See *Fry v. Fry* (1989), 64 Ohio App.3d 519, 522, 582 N.E.2d 11, 13; *Andrulis v. Andrulis* (1985), 26 Ohio App.3d 164, 166, 26 OBR 383, 384–385, 498 N.E.2d 1380, 1381–1382. Thus, if the trial court's rationale for increasing appellant's support obligation was based upon its finding of contempt, the modification of support would be prejudicial error.

but to the withholding employer. The court's standard withholding order clearly places on the employer the burden of compliance with the limitations on withholding set out in the Consumer Credit Protection Act. The orders state as follows:

"It is ORDERED, ADJUDGED AND DECREED that the employer/income withholder do the following:

"1. Withhold the amount set forth hereinabove; however, under no circumstances shall you withhold a total amount, including *all* fees, in excess of the amount allowed under section 303(b) of the Consumer Protection Act [*sic*], 15 U.S.C. 1673(b) (see attachment); to the extent possible, the amount set forth above shall be withheld, notwithstanding the limitations of [the wage garnishment sections] of the Revised Code. * * * "

■ Clearly, then, the withholding employer bears the responsibility, under the court order of withholding, to see that no more of the employee's wages are withheld than permitted by the federal statute.[2] See R.C. 3113.21(D)(1)(a).[3]

### V

"The trial court abused its discretion in ordering Appellant to pay attorney fees in the absence of evidence indicating his ability to pay same."

■ Since we determined that the court's finding of contempt was improper in this case, we also vacate the court's award to appellee of costs and attorney fees pursuant to R.C. 3105.21(C). Although, as appellant notes, the court could have awarded costs and fees to be paid by appellant under R.C. 3105.18(H),[4] the court

---

2. In this case, before appellant resigned from his job, the employer had been withholding in excess of eighty percent of appellant's net income, thus leaving him without sufficient income to meet even the most mundane of his living expenses. Such is precisely the result the federal limitations were intended to prevent. The burden of satisfying the statute is logically delegated to the employer, since the amounts withheld must correspond to the actual net income, sums which can only be precisely determined by the employer. The court would have no way of predicting overtime or the various statutory deductions which are calculated by a payroll officer (employer).

3. This opinion is not intended to suggest that an obligor is excused from satisfying the entire order for support, but simply that the entire amount ordered may not be withheld from wages if it exceeds the guidelines of the Consumer Credit Protection Act. When such is the case, the obligor must supplement the payments from withheld wages from other sources, *e.g.*, an additional job, income-producing investments or assets, etc.

4. R.C. 3105.18(H) provides as follows:

"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards.. When the court determines whether to award reason-

made none of the required findings on the record. Rather, it appears that the court made the award as one of the remedies permitted "in relation to the act of contempt." R.C. 3105.21(C); 3109.05(C) (assessment of costs and fees is mandatory if valid finding of contempt for failure to support child is made). Therefore, the fifth assignment of error is sustained.

Having found prejudice to appellant herein, we reverse the judgment of the trial court and remand the case to that court for proceedings consistent with the foregoing opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.

able attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees."