OPINION
Defendant Gary Nunn appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which found him in contempt of court for failure to provide visitation pursuant to the court's order in the divorce decree entered in December of 1996 between appellant and plaintiff Teresa L. Nunn. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN MODIFYING A PRIOR DECREE REGARDING VISITATION RIGHTS WHEN NO EVIDENCE WAS INTRODUCED TO SUPPORT THE FINDING OF A CHANGE OF CIRCUMSTANCES OF THE CHILD OR RESIDENTIAL PARENT.
 III. THE TRIAL COURT ERRED BY ADOPTING THE DECISION OF THE MAGISTRATE REGARDING THE MODIFICATION OF VISITATION RIGHTS WITHOUT SUFFICIENT FACTS TO SUPPORT THE MODIFICATION.
The record indicates the parties were married approximately four years, and have one child, born in January of 1994. The divorce decree names appellant as the residential parent, with appellee being granted visitation at appropriate intervals. It is apparent the parties have had difficulty complying with the visitation schedule. In June of 1997, appellant filed a motion to modify the visitation order, and appellee responded with a motion to find appellant in contempt for withholding visitation.
The matter was heard by a magistrate, who found the child is very aggressive, and also found both parties are obsessed with controlling the child's interaction with the other parent. The magistrate found both appellant and appellee act out their hatred and pettiness in front of the child, to the child's detriment. The magistrate modified the visitation schedule set forth in the divorce decree, and found appellant in contempt of court for denying the wife's visitation rights. The magistrate deferred sentencing on the contempt, and set up a schedule whereby appellant could purge himself of the contempt.
 I
In his first assignment of error, appellant argues appellee's show-cause motion did not comply with R.C. 2705.031 in that appellee failed to serve appellant with a summons.
R.C. 2705.031 states in pertinent part:
 (C) in any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:
 (1) notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;
 (2) Notice that the accused has a right to counsel, and that if the accused believes that he is indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;
 (3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;
 (4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a visitation order or decree.
Appellant did not receive a summons or order, but only a notice the court had scheduled a hearing on "plaintiff's motion." In In Re: Oliver (1948), 333 U.S. 257, the U.S. Supreme Court held in contempt proceedings, the constitutional provision of due process requires the one charged with contempt of court be advised of the charges, be provided with an opportunity to explain and defend, and have a right to counsel.
The statute sets forth a simple statement by which the requirements of due process may be met.
The record does not demonstrate the court accorded appellant with the process due him.
In In Re: Yeauger (1992), 83 Ohio App.3d 493, the Court of Appeals for Union County reviewed a situation similar to the case at bar, where the defendant received only a notice of hearing. InYeauger, the appellee argued because the appellant appeared, he was not prejudiced by the lack of summons. The Union County Court of Appeals rejected this argument, noting where the legislature has set up a statutory proceeding with stated requirements, courts should enforce the procedural mandates. We agree.
The first assignment of error is sustained.
 II III
In his second assignment of error, appellant urges the trial court erred as a matter of law because it failed to make a finding there was a change of circumstances of the child or of the residential parent which necessitated a change in the visitation schedule. Appellant argues R.C. 3109.04(E) requires a court to find the circumstances of the child or the parent have changed, and also that a modification is in the best interest of the minor child. Neither the trial court nor the magistrate made any such finding, although the magistrate's report alludes to problems with the visitation schedule and with the parties' performance of their duties pursuant to the order.
In his third assignment of error, appellant argues the court lacked sufficient facts to review and adopt the decision of the magistrate to modify the visitation rights. As appellee points out, pursuant to Civ.R. 53, a party who objects to a finding of fact must present the court either with a transcript, or affidavit of evidence. If the party does not submit the evidence to the court, he may not object to the finding or conclusion.
Appellant objected to the magistrate's report, but failed to provide the court with any evidence from which the court could find the magistrate's decision was erroneous.
We find appellant failed to comply with Civ. R 53(D). Appellant has failed to preserve this issue on appeal.
The second and third assignment of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is vacated, in part, as pertains to the finding of contempt and the cause is remanded to that court to afford appellant the due process required by statute. The portion of the judgment modifying the visitation is affirmed.
By Gwin, P.J., Reader, J., concurs Hoffman, J., concurs in part and dissents in part.