OPINION *Page 2 
{¶ 1} The defendant-appellant, Christine Whitman, appeals the judgment of the Hancock County Common Pleas Court, Domestic Relations Division, finding her in contempt of court, sanctioning her on the contempt, and terminating the shared parenting plan.
 {¶ 2} The record in this case is voluminous; however, the following procedural history is pertinent to this appeal. On February 27, 2001, the plaintiff-appellee, Jeffrey Whitman, filed a complaint for divorce, and the final divorce decree was granted on September 29, 2003. Two children had been born as issue of the marriage, and on October 29, 2003, the parties' shared parenting plan was filed. Numerous filings were docketed thereafter.
 {¶ 3} On January 26, 2005, Jeffrey filed a "motion to show cause 
cite for contempt and motion." Jeffrey alleged that Christine had failed to comply with the court's prior orders as to property distribution and the shared parenting plan. Jeffrey requested that the court find Christine in contempt; that the court punish her accordingly; and that the court award him attorney's fees. Jeffrey's motion also requested:
 {¶ 4} specific orders concerning the following:
 1. That the children shall attend their scheduled activities regardless of which parent has their care, including Plaintiffs church functions. *Page 3 
 2. That the Defendant be restrained from harming, harassing or calling the Plaintiff names.
 3. That Defendant be restrained from phoning the Plaintiff more than three (3) times a week, except for medical emergencies concerning the children.
 4. That the Defendant have a specific vacation schedule on set dates that does not occur during the holiday seasons or while the children are in school.
 5. Any other relief the Court deems appropriate and in the best interest of the minor children.
(Pl.'s Mot., Jan. 26, 2005, at 2). The summons for contempt, Jeffrey's motion for contempt, and the order to appear were served upon Christine by personal service. The hearing was scheduled for March 2, 2005; however, the trial court granted Christine's motion to vacate and rescheduled the hearing for April 26, 2005. (J. Entry, Mar. 10, 2005).
 {¶ 5} On April 19, 2005, Jeffrey filed a "second motion to show cause cite for contempt." In this motion, Jeffrey alleged that Christine had violated court orders by withdrawing funds from one of the children's bank accounts and that she had refused to place funds in a joint custodial account for the children. Jeffrey requested that Christine be found in contempt; that the court punish Christine accordingly; that Christine return the funds she has withdrawn; that Christine remove her name from the children's accounts; and that Jeffrey "be named the sole custodian of said child's bank account." (Pl.'s Second Mot. Apr. 19, 2005, at 1). Christine was personally served with the summons, a copy of the motion, and an order to appear. The hearing on this motion was scheduled for April 26, 2005. *Page 4 
 {¶ 6} Also on April 19, 2005, Christine filed a "motion to show cause; for attorney fees and costs; for an increase in support; for modification or clarification of existing parenting plan; for hearing; praecipe." Christine alleged that Jeffrey was in contempt for violating the shared parenting plan by not abiding by the terms of visitation, for failing to pay medical and dental expenses, for unilaterally altering the support payment schedule, and for allowing his girlfriend to make decisions about the children's extracurricular activities without consulting her. Christine also requested a modification of child support, a modification of the vacation schedule, an order allowing her to "baby-sit" her children if Jeffrey needed somebody to do so, and an order changing pick-up times by 30 minutes. (Def's Mot., Apr. 19, 2005). Jeffrey was served with the summons, a copy of the motion, and the order to appear by personal service. The hearing on Christine's motion was also scheduled for April 26, 2005.
 {¶ 7} On April 26, 2005, the court held the scheduled hearing. On the record, the court stated that Christine's behavior had been contemptuous, but that Jeffrey was "on the bubble." The court took under advisement whether Jeffrey was in contempt and all financial matters.
 {¶ 8} On May 4, 2005, Jeffrey filed a motion to modify child support. Also in the motion, Jeffrey requested an order allowing one child to participate in a specific extracurricular activity. On May 23, 2005, the trial court journalized its *Page 5 
orders following a telephone pre-trial. Specifically, the court scheduled a hearing for June 27, 2005 to address "all pending motions." On June 6, 2005, Christine's attorney filed a motion to withdraw.
 {¶ 9} At the end of the June 27, 2005 hearing, the trial court orally scheduled the next hearing for July 26, 2005. The court then granted leave for Christine's attorney to withdraw, and on June 28, 2005, the court filed a judgment entry, which journalized its orders from the April 26, 2005 hearing. The judgment entry stated that the court had taken under advisement Christine's motion for contempt, Jeffrey's second motion for contempt, and the issues related to church and choir. The judgment entry resolved the remaining issues relating to visitation and school activities. Finally, the court found Christine in contempt on Jeffrey's first motion. The court sentenced Christine to 30 days in jail and imposed a $250 fine; however, the court stated that Christine could purge the contempt by strictly abiding by its orders.
 {¶ 10} On the court's docket sheet appears the docketing of two subsequent hearing notices. The first was docketed on July 25, 2005 and set a hearing for July 26, 2005, and the second was docketed on July 26, 2005, and set a hearing for October 14, 2005. However, neither hearing notice is included in the clerk's physical file. *Page 6 
 {¶ 11} On October 14, 2005, the court held a hearing to resolve the pending matters. Noting that Christine was not in attendance, the court denied her motions and granted Jeffrey's motions. The court filed its judgment entry on the same day, granting Jeffrey's "motions for modification of parental rights and responsibilities," terminating the shared parenting plan, and designating Jeffrey as the children's residential parent and legal custodian. The court terminated Jeffrey's child support payment, and in the next paragraph, it modified his child support payment. The court also ordered Christine to pay child support. As to Jeffrey's first contempt motion, the court found that Christine had failed to purge, so it imposed sentence. The court issued a bench warrant for Christine's failure to appear and also found her in contempt on Jeffrey's second motion to show cause. On the second contempt finding, the court imposed a fine of $500 and a jail term of 60 days. However, the court provided that Christine could purge the second contempt by "strictly complying with all prior orders of the Court and all the orders set forth herein."
 {¶ 12} Christine filed a notice of appeal, challenging the court's October 14, 2005 judgment entry. However, the appeal was stayed after Christine filed a motion for relief from judgment. The trial court overruled Christine's Civ.R. 60(B) motion, and that judgment has not been appealed. This matter is now before *Page 7 
us based on the trial court's October 14, 2005 judgment entry, with Christine asserting three assignments of error for our review.
 First Assignment of Error The trial court erred in proceeding with the October 14, 2005 hearing on the parties' motions to show cause where Appellant was not properly served notice of the hearing and thus the October 14, 2005 judgment entry arising therefrom is void ab initio.
 Second Assignment of Error The trial court abused its discretion in terminating the shared parenting plan and awarding Appellee custody of the parties' minor children where there was no motion for modification pending and no best interest determination was made.
 Third Assignment of Error The trial court erred in awarding Appellee custody of the minor children where it did not properly consider the factors set forth in R.C. § 3109.04.
 {¶ 13} In the first assignment of error, Christine contends the trial court violated her right to procedural due process when it failed to notify her of the hearing, which had been rescheduled for October 14, 2005. Christine contends that the Rules of Civil Procedure do not dictate how service is to be made, and that notice via entry on the court's docket is an antiquated process and insufficient in this case. Christine contends she did not receive notice of the October 14, 2005 hearing, and that Angie Spridgeon, the court's judicial assistant, told her over the phone that the hearing had been rescheduled for October 18, 2005. *Page 8 
 {¶ 14} Jeffrey contends that the trial court did not err. Jeffrey contends that under Civ.R. 5, any order, notice, or other document subsequent to the original pleading may be served by ordinary mail. Pursuant to Civ.R. 5(B), such notice is effective when mailed, not when received. Jeffrey argues that Christine had a duty to keep herself apprised of the progress of the case, including scheduled hearings. Jeffrey has attached to his appellate brief the affidavit of Angie Spridgeon, in which she states that she mailed notice of the October 14, 2005 hearing to Christine. Ms. Spridgeon's affidavit was apparently filed by Jeffrey in response to Christine's motion for relief from judgment, which is part of the appellate record; however Jeffrey's response thereto is not part of the record.
 {¶ 15} Questions concerning procedural due process are matters of law to be determined de novo on appellate review. See generally Slorp v.Dept. of Admin. Serv. (Apr. 30, 1998), 10th Dist. No. 97APE08-1136, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus. Procedural due process is guaranteed by theFourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution. Ohio Valley Radiology Associates,Inc. v. Ohio Valley Hosp. Ass'n. (1986), 28 Ohio St.3d 118, 125,502 N.E.2d 599, quoting State ex rel. Allstate Ins. Co. v. Bowen (1936),130 Ohio St. 347, 199 N.E. 355, paragraph five of the syllabus. *Page 9 
 {¶ 16} To satisfy due process, a defendant must have notice of the hearing and have an opportunity to be heard. Goldberg v. Kelly (1970),397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; Mathews v. Eldridge (1976),424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. Procedural due process is guaranteed in contempt proceedings and where shared parenting plans are terminated, parental rights are modified, and child support payments are ordered. See Doerfler v. Doerfler, 9th Dist. No. 06CA0021,2006-Ohio-6960, at ¶ 18; In re Murphy, 5th Dist. No. 2005CA00109,2005-Ohio-5656, at ¶ 9-10.
 {¶ 17} At the time of the October 14 hearing, the only motions pending before the court were Jeffrey's second motion to show cause, Christine's motion to show cause, and Jeffrey's motion to modify child support. In each of these motions, the parties requested minor modifications to the shared parenting plan to make it more specific. Notably, neither party requested termination of the shared parenting plan.
 {¶ 18} As noted above, Christine knew that two contempt motions were pending against her, as she had been personally served with the show cause motions and the accompanying notifications. She was also aware that both parties had requested minor adjustments or additions to the shared parenting plan. However, the key aspect to this case is the level of notice required when a *Page 10 
contempt/custody modification hearing is continued or a subsequent hearing is held.
 {¶ 19} Contempt of court is a special statutory proceeding. See generally In re Yeauger (1992), 83 Ohio App.3d 493, 497-498,615 N.E.2d 289, citing Courtney v. Courtney (1992), 16 Ohio App.3d 329, 333,475 N.E.2d 1284, 1289. Issues concerning custody and child support are also special statutory proceedings. Green v. Green, 10th Dist. No. 04AP-61,2005-Ohio-851, at ¶ 8. The Rules of Civil Procedure generally do not apply to special statutory proceedings. Yeauger, at 497-498, citingCourtney, at 333; Civ.R. 1(C).
 {¶ 20} Jeffrey argues that Angie Spridgeon mailed the hearing notice, which continued the hearing to October 14, 2005, to Christine, and that pursuant to Civ.R. 5(B), any defect in the proceedings is harmless; however, we cannot agree with this argument.
 {¶ 21} As noted above, the parties complied with the requirements of R.C. 2705.031(C) when their show cause motions were filed and both parties knew that the shared parenting plan could be modified by granting of the motion, or parts of the motion, of either or both parties. R.C. 2705.031 provides what documents must be served upon an alleged contemnor, but it does not contain any requirements as to how service of process must be made. However, R.C. 2705.031(D) states: *Page 11 
 If the accused is served as required by the Rules of Civil Procedure or by any special statutory proceedings that are relevant to the case, the court may order the attachment of the person of the accused upon failure to appear as ordered by the court.
Because the statute does not provide a specific provision for service of process, and because the statute generally references the Rules of Civil Procedure, we may turn to the service procedures set forth in the Civ.R. 4.1-4.6. See Civ.R. 1(C)(7).
 {¶ 22} We realize that in Yeauger, this court cited Civ.R. 1(C)(7) and found the Civil Rules inapplicable to contempt proceedings. However,Yeauger is distinguished from this case because in that case, the question was whether the summons requirements had been satisfied. As stated above, the summons requirements are provided for in R.C. 2705.031
and are not contested in this case.
 {¶ 23} Since the contempt statute does not provide for service of process on the original pleadings, it also does not provide for service of subsequent filings. Therefore, we may turn to Civ.R. 5 for instruction. Once the original complaint is filed in an action, which in this case would be the motions to show cause and the motions to make minor modifications to the shared parenting plan, service of subsequent filings may be made by regular mail. Civ.R. 5(B). Service by regular mail is effective upon mailing. Civ.R. 5(B). However, the Ohio Supreme Court has examined whether courts are bound by Civ.R. 5 in giving "notice of the setting down of a trial date" and has determined that they are not. Ohio Valley, at 123-124. *Page 12 
"Civ.R. 5(A) does not require the service of orders unless the order `is required by its terms to be served.'" Id. at 124. Although R.C. 2705.03
provides for a hearing in contempt actions, it applies only to those motions filed pursuant to R.C. 2705.02. In this case, the motion for contempt was filed pursuant to R.C. 2705.031, which does not, by its terms, require a court's order continuing a hearing date to be served.
 {¶ 24} The parties to an action have a duty to remain informed about the progress of their case and the scheduling of proceedings, and therefore, actual notice of a hearing is not required to comply with due process. See Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166, 441 N.E.2d 299, citing Holland v. Amer. (Nov. 29, 1979), 10th Dist. No. 79AP-106, unreported, citing Hahn v. McBride (1913),88 Ohio St. 511, 103 N.E. 760; Sackett v. McClure (1939), 29 Ohio Law Abs. 560. Generally, any "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" is sufficient. Mullane v. Central Hanover Bank Trust Co.
(1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. The Supreme Court has noted that parties are entitled to at least constructive notice that the trial court has scheduled a hearing:
 some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. * * * [h]owever, * * * [a]n inflexible rule requiring the entry of a trial *Page 13 date on a court's docket in every case would be inappropriate, and thus we decline to impose such a general requirement.
Ohio Valley, at 124.
 {¶ 25} In Ohio Valley, the record was void of constructive notice. In this case, the hearing notice is listed on the clerk's certified docket but does not appear in the clerk's physical file. Therefore, we cannot review the contents of any hearing notice. Attached to Christine's motion to set aside judgment was her affidavit, in which she stated that she contacted the court on July 25, 2005 and was informed by Angie Spridgeon that the judge would be unable to attend the hearing on July 26, 2005. (Aff., Whitman, Christine, Nov. 10, 2005, at ¶ 1). Christine stated that Ms. Spridgeon called her several days later and told her the hearing was continued until October 18, 2005. (Id., at ¶ 2). Christine stated that she immediately marked the date on her calendar, and that she called the court on October 17, 2005 seeking a continuance due to her inability to retain counsel. (Id., at ¶ 4). Christine contends that the phone call from the court was the only notice she received of the hearing, and that she has never missed a hearing prior to October 14, 2005. (Id., at ¶ 3, 5).
 {¶ 26} Attached to Jeffrey's appellate brief is the affidavit of Angie Spridgeon, in which she stated that she mailed a copy of the hearing notice, setting the hearing for October 14, 2005, to Christine. However, this affidavit is not part of the appellate record. As noted above, Jeffrey's response was filed after the *Page 14 
notice of appeal and it is also not part of the appellate record. App.R. 9(A). Therefore, there is no evidence to contradict Christine's sworn representations.
 {¶ 27} Furthermore, the trial court's statements made during the hearing cast doubt on whether Christine had notice of the October 14, 2005 hearing. At the beginning of the hearing, the judge stated, "I ampretty sure I informed her that we intended to go forward on today's date, she was advised of that date in open court and on the Record. Certainly this date was set a long time and I believe set with her concurrence." (Emphasis added.). (Hearing Tran., Dec. 16, 2005, at 4:14-18). The record does not support the court's contentions. If the trial judge had actually notified Christine in open court of the October 14, 2005 hearing, she would clearly have had sufficient notice of said hearing. The July 26, 2005 hearing was the only hearing scheduled in open court, and it was scheduled during the June 27, 2005 hearing. The July 26, 2005 hearing was continued until October 14, 2005, apparently by way only of the alleged hearing notices, which are not found in the trial court's file. It appears that the judge simply forgot which hearing he had given notice of on the record. After Jeffrey testified,[1] the court again discussed Christine's absence, stating:
 The Court finds * * * that she was advised to the best of my recollection she needed to have counsel and be here, if she was not here we would proceed without her. In that regard her motions are found not well taken and denied for want of *Page 15 prosecution, and for her failure to appear and failure to cooperate. * * *
 I don't know what's happening out there. In abundance of caution, maybe she was in an automobile wreck today, I don't know. But, it was, I am just almost one hundred percent certain I told her she had to be here with or without counsel. I am pretty sure I did that. * * * If I failed to do that then I got a problem but I think I did.
(Emphasis added). (Hearing Tran., at 27; 30-31).
 {¶ 28} We understand the trial court's frustration when parties have ongoing disputes such as those presented in this case, and that the court wishes to resolve the matter in an expedient manner, but the court's statements on the record evidence some doubt as to whether Christine was properly notified that the hearing had been rescheduled for October 14, 2005. However, the court cannot ignore a party's right to procedural due process, particularly when jail time, fines, the loss of a party's status as residential parent and legal custodian, the termination of a shared parenting plan, and the imposition of child support are potential outcomes of the hearing. See Doefler;Murphy.
 {¶ 29} On this record, Christine did not have notice of the October 14, 2005 hearing, and as such, she did not have an opportunity to present evidence or a defense. However, even if we did not find a due process violation based on the hearing itself, there were subsequent due process violations that occurred at the hearing. Pursuant to R.C.3109.04(E)(1)(a), a trial court may terminate a prior *Page 16 
decree allocating parental rights and responsibilities on its own motion, and pursuant to R.C. 3109.04(E)(2)(d), the court may terminate a shared parenting plan on its own motion. Both of these provisions require the court to make specific findings prior to the termination. However, due process concerns are implicated in those situations, and the parties must have notice of the hearing and an opportunity to be heard. In this case, Christine was aware that contempt motions were pending against her, and she knew the basis for those motions. Christine was also aware that both she and Jeffrey had requested seemingly minor modifications to the shared parenting plan.
 {¶ 30} The final judgment entry dismissed all of Christine's motions and granted all of Jeffrey's motions, including a "motion to modify parental rights and responsibilities," which never existed. The court terminated Christine's status as legal custodian and residential parent, apparently because she failed to appear for court. In paragraph six of the judgment entry, the court noted that Christine had failed to purge herself of the first contempt finding. Also in that paragraph, the court noted that Christine continued to disobey court orders and found it in the childrens' best interests to terminate the shared parenting plan. The judgment entry appears to terminate the shared parenting plan as a punishment for Christine's contempt and perceived disregard for court orders. However, a change of custody as punishment is not the function of the domestic relations court. *Page 17 Myers v. Myers, 170 Ohio App.3d 436, 2007-Ohio-66, 867 N.E.2d 848, at ¶ 39. Furthermore, the court may not sua sponte terminate shared parenting plans and residential parent status without any notice to the parties that such action is pending before the court. Id. at ¶ 37-40. Even if we were to hold that Christine had notice of the hearing date, such action on behalf of the court constitutes a violation of due process.
 {¶ 31} Because Christine had no notice of the October 14, 2005 hearing, the trial court's judgment entry, filed on that date, is void. The first assignment of error is sustained, and the second and third assignments of error are moot.
 {¶ 32} The judgment of the Hancock County Common Pleas Court is reversed.
Judgment Reversed and Cause Remanded.
ROGERS, P.J., and SHAW, J, concur.
[1] We note that Jeffrey was afforded a great deal of latitude on direct examination, particularly as to his assessment of how Christine had treated the court. *Page 1