DECISION AND JUDGMENT
{¶ 1} Appellant, Amanda S., appeals the judgment of the Huron County Court of Common Pleas finding appellant in contempt for failing to comply with the trial court's order regarding parenting time. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 13, 2007, appellee, Anthony D.H., filed a contempt action requesting appellant appear and show cause why she should not be held in contempt because appellant: "on no less than three (3) days, willfully denied him visitation without justifiable cause." In his affidavit submitted with the contempt motion, appellee alleged: "During the months of April and May [appellant] willfully denied Affiant visitation." *Page 2 
 {¶ 3} On June 15, 2007, the trial court issued a summons that contained the following notices:
 {¶ 4} "1. Failure to appear may result in the issuance of an order of your arrest, and in cases involving failure to pay support, the issuance of an order for the payment of support by withholding an amount from you [sic] personal earnings or by withholding or deducting an amount from some other asset of the accused;
 {¶ 5} "2. You have a right to counsel and if you are indigent, you must apply for a public defender or court appointed counsel within three business days after receipt of the summons;
 {¶ 6} "3. The Court may refuse to grant a continuance at the time of the hearing for the purpose of you obtaining counsel, if you fail to make a good faith effort to obtain counsel or to obtain a public defender;
 {¶ 7} "4. The potential penalties that could be imposed upon you, if you are found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a visitation order or decree include a fine, imprisonment, and the requirement to post bond to ensure compliance."
 {¶ 8} In a magistrate's decision dated July 23, 2007, appellant was found in contempt of court for failing to abide by the previous orders issued by the court. The trial court considered and rejected appellant's objections to the decision and, in a judgment entry dated December 26, 2007, entered its own finding that appellant was in contempt of court for failing to abide by the previous orders issued by the court. In addition, the court *Page 3 
sentenced appellant to serve five days in jail, with the sentence suspended on the condition that appellant provide compensatory parenting time, pay attorney fees, and pay court costs.
 {¶ 9} It is from the December 26, 2007 judgment that appellant has filed her appeal, raising the following as her sole assignment of error:
 {¶ 10} I. "WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT FOR FAILING TO COMPLY WITH AN ORDER GRANTING PARENTING TIME WHEN THE SUMMONS SERVED ON DEFENDANT DID NOT CONTAIN THE STATUTORY NOTICES REQUIRED BY R.C. 2705.031 AND R.C. 2705.05."
 {¶ 11} R.C. 2705.031 relevantly provides that a summons in a contempt action for failure to comply with a visitation order must include:
 {¶ 12} "Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree." Id. at R.C. 2705.031(C)(4).
 {¶ 13} Notice provisions mandated by R.C. 2705.031 are required as a matter of constitutional due process. In re Yeauger (1992),83 Ohio App.3d 493. Notification that substantially complies with the statute is considered adequate. Id. at 498. *Page 4 
 {¶ 14} As indicated above, the summons that was sent to appellant notified appellant as follows concerning penalties she might face if she were found guilty of contempt:
 {¶ 15} "4. The potential penalties that could be imposed upon you, if you are found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a visitation order or decree include a fine, imprisonment, and the requirement to post bond to ensure compliance."
 {¶ 16} Such notice as appellant received, informing her that a finding of guilt would subject her to a potential fine and/or jail time, substantially complied with the notice requirement set forth at R.C. 2705.031(C).
 {¶ 17} Arguing against this conclusion, appellant cites R.C. 2705.05(A), which contains specific information regarding potential penalties for contempt, and relevantly provides:
 {¶ 18} "If the accused is found guilty, the court may impose any of the following penalties:
 {¶ 19} "(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;
 {¶ 20} "(2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both;
 {¶ 21} "(3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both." *Page 5 
 {¶ 22} We find that substantial compliance with the notification requirements of R.C. 2705.031(C) does not require notification of the specific fines that could be levied or the specific jail sentences that could be imposed. Accordingly, we find appellant's sole assignment of error to be not well-taken.
 {¶ 23} For all of the foregoing reasons, the judgment of the trial court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1