[Cite as *Jeffries v. Jeffries*, 2013-Ohio-2006.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JENNIFER JEFFRIES NKA WILE | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
|     Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13CA2 |
| KASMER JEFFRIES, III | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Knox County Court of
Common Pleas, Case 05 DK 09-0209

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 13, 2013

APPEARANCES:

For Defendant-Appellee    For Plaintiff-Appellant

AMY M. MOORE    GEORGE C. GEORGEFF
111 S. Mulberry Street    261 S. Hamilton Road
Mt. Vernon, Ohio  43050    Columbus, Ohio 43213

*Hoffman, J.*

{¶1}   Plaintiff-appellant Jennifer Jeffries, nka Wile, ("Wife") appeals the January 2, 2013 Judgment Entry entered by the Knox County Court of Common Pleas, which found her in contempt.  Defendant-appellee is Kasmer Jeffries III ("Husband").

STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married on October 14, 2000, in Fairfield County, Ohio.  One child was born as issue of said union, BKJ (DOB 7/2/02).  On September 29, 2005, the parties filed a Petition for Dissolution of Marriage in the Knox County Court of Common Pleas. The parties submitted a Separation Agreement and Shared Parenting Plan with their petition.

{¶3}   The trial court issued a Decree of Dissolution on November 15, 2005.  The trial court approved and incorporated the parties' Separation Agreement into the Decree.  On the same date, the trial court issued a Shared Parenting Decree, which incorporated the parties' proposed Shared Parenting Plan.

{¶4}   Both parties subsequently filed respective motions to terminate the shared parenting plan and to be named custodial parent.  In addition, the parties filed cross motions for contempt.  Via Motion Hearing Assignment, a final hearing on all pending motions was scheduled for July 25, 2012. The Assignment indicates copies were sent to Amy M. Moore, counsel for Husband, with the word "BOX" hand written next to the name; and to George C. Georgeff and Christopher W. Zuercher, Wife's attorneys, with the term "r/mail" hand written next to the names.

{¶5}   The hearing proceeded as scheduled with both parties present.  Via Agreed Judgment Entry filed July 26, 2012, the trial court terminated the shared

parenting plan and named Wife the sole residential and custodial parent of the minor child. Therein, trial court also addressed parenting time and visitation.

{¶6} Husband filed a motion to show cause on September 19, 2012, asking the trial court to find Wife in contempt for failing to allow him to exercise his parenting time over the Labor Day weekend. Via Order filed October 17, 2012, the trial court scheduled a show cause hearing for November 16, 2012. At the bottom of the Order, the handwritten "CC:"indicates copies were sent to "Amy Moore, Esq." with the letters "bx" next to the name; and to George Georgeff, Esq." and "Jennifer Jeffries (nka Wiles)", with the letters "RM" next to the names. Wife executed a waiver of service of summons on October 19, 2012, acknowledging she had received a copy of Husband's motion and waived service of summons and voluntarily entered an appearance.

{¶7} The trial court conducted the hearing on the scheduled date, however, neither Wife nor her attorney appeared. Via Judgment Entry filed January 2, 2013, the trial court found Wife in contempt. The trial court sentenced Wife to ten days in the Knox County Jail, but provided her with an opportunity to purge the contempt. The trial court ordered Wife to pay Husband's attorney fees plus court costs. On January 9, 2013, Wife filed a motion to stay proceedings and requested the trial court conduct another show cause hearing. The trial court denied Wife's request. Wife filed a Notice of Appeal on January 24, 2013.

{¶8} It is from the January 2, 2013 Judgment Entry, Wife appeals raising as her sole assignment of error:

{¶9} "I. THE COURT ABUSED ITS DISCRETION IN MAKING A FINDING OF CONTEMPT AGAINST JENNIFER JEFFRIES-WILE IN FAILING TO GIVE STATUTORILY REQUIRED NOTICES MANDATED BY O.R.C. 2705.031(C)."

{¶10} This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides, in pertinent part:

{¶11} (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶12} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

I

{¶13} R.C. 2705.031(C) sets forth the notice requirements in contempt matters and provides:

In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:

(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the

issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

(2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;

(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree.

**{¶14}** The failure of the trial court to follow the mandate of the procedural statute is prejudicial error. *In re Yeauger* (1992), 83 Ohio App.3d 493, 498–499, 615 N.E.2d 289. When the legislature mandates specific notice requirements, the courts are required to substantially comply with the statute. *Id.* at 498–499.

**{¶15}** Wife contends the trial court did not provide her with the appropriate notice as required by R.C. 2705.031(C). We find the record does not affirmatively demonstrate Wife did not receive notice of the show cause hearing. In fact, the record affirmatively shows otherwise. As set forth in our Statement of the Facts and Case, an Order was filed on October 17, 2012, scheduling the show cause hearing for November

16, 2012. At the bottom of the Order , the handwritten "CC:"indicates copies were sent to "Amy Moore, Esq." with the letters "bx" next to the name; and to George Georgeff, Esq." and "Jennifer Jeffries (nka Wiles)", with the letters "RM" next to the names. It is understood the "bx" refers to Attorney Moore's courthouse mailbox, and "RM" refers to regular mail. Furthermore, Wife executed a waiver of service of summons on October 19, 2012, acknowledging she had received a copy of Husband's motion and waived service of summons and voluntarily entered an appearance. In its January 2, 2013 Judgment Entry, the trial court found the hearing notices mailed to Wife and her attorney were not returned to the court by the United States Postal Service.

{¶16} Wife's sole assignment of error is overruled.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER JEFFRIES NKA WILE | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KASMER JEFFRIES, III | : | |
| | : | |
| Defendant-Appellee | : | Case No. 13CA2 |

For the reason stated in our accompanying Opinion, the judgment of the Knox

County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Craig R. Baldwin _____
HON. CRAIG R. BALDWIN