[Cite as *Vitte v. Vitte*, 2016-Ohio-8011.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Nicole Vitte

     Appellant

v.

Ricky Vitte, Jr.

     Appellee

Court of Appeals No. S-16-011

Trial Court No. 13 DR 1039

**DECISION AND JUDGMENT**

Decided: December 2, 2016

* * * * *

Karin L. Coble, for appellant.

Theodore B. Tucker, III, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Nicole Vitte, appeals the March 4, 2016 judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, which denied appellant's objections to the magistrate's decision finding her in contempt of court for denying visitation to appellee Ricky Vitte. Because the record is devoid of evidence that appellant was properly served with a summons as required under R.C. 2705.031(B)(2), we reverse.

{¶ 2} Appellant, Nicole Vitte, commenced this action on November 7, 2013, by petitioning the court for a Domestic Violence Civil Protection Order (DVCPO). A temporary order was granted. On November 21, 2014, the parties entered into a consent agreement and DVCPO which provided, in part: "[T]emporary visitation rights are established as follows: Respondent shall have supervised parenting time pursuant to the Sandusky County Department of Job and Family Services, Children Services Division, case. This provision is modifiable by the court."

{¶ 3} On April 29, 2015, appellee filed a motion for contempt and for exclusive possession of the marital residence. At issue in the present appeal, appellee alleged that appellant, without notice, moved to Virginia with the parties' three minor children. The move resulted in appellant's failure to make the children available for visitation in direct violation of the terms of the DVCPO. Appellee also requested that the court appoint a special process server; the motion was granted. On May 14, 2015, appellee's counsel requested a continuance because appellant had not been served with the motion, summons, and notice of hearing.

{¶ 4} On June 25, 2015, the process server filed an affidavit indicating that he served appellant on May 30, 2015, with the motion for contempt and request for expedited hearing, the motion to appoint a process server, and the order to appoint a process server. The process server also served papers relating to the divorce action commenced by appellee.

2.

{¶ 5} Thereafter, at appellant's counsel's request, the hearing on the motion was continued. The show cause hearing was held on July 6, 2015; appellant and appellee were represented by counsel and both testified. On October 22, 2015, the magistrate issued its findings of fact and conclusions of law. The magistrate found that appellant violated the DVCPO by moving from the area without notice and unilaterally terminating appellee's supervised parenting time. The magistrate then found appellant in contempt of the order beyond a reasonable doubt and "stayed" indeterminate sanctions with the condition that appellant "fully complies with any parenting order issued by the Court in Case No. 15-DR-385 [the divorce action] and that Petitioner pay Respondent's reasonable attorney fees of $750.00."

{¶ 6} Appellant filed objections to the magistrate's decision. Appellant argued that she was not in contempt of court because there was no specific schedule for parenting time or definite number of visits set by any court. Appellant also set forth the defense of impossibility of compliance. In opposition, appellee argued that over 20 regular visits had taken place prior to appellant's move to Virginia, and that appellee had arranged for the supervised visits. Further, appellee pointed to the fact that appellant called to "suspend" the visitation at the private agency prior to her move.

{¶ 7} On March 4, 2016, the trial court denied appellant's objections and this appeal followed with appellant raising three assignments of error for our review:

> Assignment of Error One: Appellant's right to due process pursuant
> to the Sixth and Fourteenth Amendments to the U.S. Constitution was

3.

violated when no statutorily required summons was issued and no notice of potential jail time was given.

Assignment of Error Two: The magistrate's decision finding appellant in criminal contempt is not supported by sufficient evidence and was against the manifest weight of the evidence. It was error to find appellant in criminal contempt beyond a reasonable doubt, and the trial court abused its discretion in adopting it.

Assignment of Error Three: The amount of attorney fees awarded is not supported by the evidence.

{¶ 8} Appellant's first assignment of error is dispositive in the present appeal. Appellant contends that her right to due process was violated when no statutorily required summons was issued with appellee's show cause motion. In response, appellee argues that because appellant failed to raise the issue of summons in her objections to the magistrate's decision, the issue was waived.

{¶ 9} R.C. 2705.031 provides, in relevant part:

(B)

* * *

(2) Any parent who is granted parenting time rights under a parenting time order or decree issued pursuant to section 3109.051 or 3109.12 of the Revised Code, any person who is granted visitation rights under a visitation order or decree issued pursuant to section 3109.051,

3109.11, or 3109.12 of the Revised Code or pursuant to any other provision of the Revised Code, or any other person who is subject to any parenting time or visitation order or decree, may initiate a contempt action for a failure to comply with, or an interference with, the order or decree.

(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:

(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

(2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;

(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay

support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree;

(5) Notice that the court may grant limited driving privileges under section 4510.021 of the Revised Code pursuant to a request made by the accused, if the driver's license was suspended based on a notice issued pursuant to section 3123.54 of the Revised Code by the child support enforcement agency and if the request is accompanied by a recent noncertified copy of a driver's abstract from the registrar of motor vehicles.

{¶ 10} Appellant's due process argument relies heavily on a case from this court. In *Ohler v. Ohler*, 6th Dist. Fulton No. F-93-014, 1994 Ohio App. LEXIS 4053 (Sept. 16, 1994), the defendant was found in contempt of court for failing to pay child support and sentenced to a suspended jail term conditioned on monthly child support payments being made. It was undisputed that the defendant never received the notice requirements under R.C. 2705.031(C). *Id.* at *11. Further, the defendant was never served with the motion. *Id.* at *3. The court noted that the defendant appeared at the hearing (on various other motions) and did not protest when informed that a hearing was being held on the show cause motion. Further, the defendant was provided the opportunity to provide an explanation or defense. *Id.*

{¶ 11} Rejecting the argument that the above facts satisfied the due process notice requirement, this court noted:

6.

As reasoned by the Union County Court of Appeals, the legislature, by enacting the notice provisions of R.C. 2705.031, *mandated specific notice requirements* in contempt actions based upon a failure to pay support. Avoiding those requirements would render the statute meaningless. *In re Yeauger* (1992), 83 Ohio App.3d 493, 615 N.E.2d 289. Furthermore, on the day of the hearing and before proceeding on the contempt charge, the trial court did not make appellant aware of the fact that, if found guilty, he could be subject to a loss of his liberty. Thus, we find that, under the circumstances of this case, appellant's due process rights were violated. *Id*. at *12.

{¶ 12} *See also Martin v. Martin*, 7th Dist. Jefferson No. 97-JE-11, 2000 Ohio App. LEXIS 2976 (June 30, 2000); *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013; *Wolford v. Wolford*, 4th Dist. Pickaway No. 08CA27, 2009-Ohio-5459. In *Martin*, the court examined the specific notice requirements of R.C. 2705.031 and *Yeauger*, *supra*, noting:

Other courts have followed *Yeauger*. In *Nunn v. Nunn*, 1998 Ohio App. LEXIS 5745 (Nov. 2, 1998), Delaware App. No. 97CA-F-12-057, unreported, the Fifth District Court of Appeals held that the appellant was denied due process when he received notice of a show cause motion but was not served with a summons in compliance with R.C. § 2705.031. The court stated that, "the statute sets forth a simple statement by which the

requirements of due process may be met." 1998 Ohio App. LEXIS 5745, *4. The court further stated that, "* * * where the legislature has set up a statutory proceeding with stated requirements, courts should enforce the procedural mandates." *Id.* The Fifth District also followed *Yeauger* in *Stigger v. Hight*, 1994 Ohio App. LEXIS 3870 (Aug. 4, 1994), Licking App. No. 94-CA-5, unreported. There, the appellate court found prejudicial error where the trial court did not serve an alleged contemnor in compliance with R.C. § 2705.031(C). 1994 Ohio App. LEXIS 3870, *4. In *Ohler v. Ohler*, 1994 Ohio App. LEXIS 4053 (Sept. 16, 1994), Fulton App. No. 93FU000014, unreported, the Sixth District Court of Appeals relied on *Yeauger* when it held that the trial court denied the appellant's due process rights by failing to properly subpoena him on a contempt action and for failing to properly apprise him of his rights at hearing. 1994 Ohio App. LEXIS 4053, *12. *Id.* at *8-9.

{¶ 13} In addition, this court has found that notice that substantially complies with R.C. 2705.031 is sufficient. *See Anthony D. v. Amanda S.*, 6th Dist. Huron No. H-08-004, 2008-Ohio-4026 (summons that failed to state the specific monetary fine was adequate.) Accordingly, we find that appellant was not provided with the statutorily mandated notice.

{¶ 14} Further, we reject appellee's argument that appellant waived the issue by failing to object at the hearing or in her objections to the magistrate's decision. This

8.

court rejected a waiver argument in *Ohler*, *supra*, where the appellant proceeded with the hearing without objection. In *Stigger v. Hight*, *supra*, the Fifth Appellate District found that "[t]he failure to comply with the procedural mandate of R.C. 2705.031(C) is prejudicial error." *Id.* at *4. Accordingly, we find that appellant was not afforded due process of law and her first assignment of error is well-taken.

{¶ 15} Based on our disposition of appellant's first assignment of error, we find that appellant's second and third assignments of error are moot.

{¶ 16} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is reversed and the contempt finding is vacated. Pursuant to App.R. 24, appellee is ordered to pay the costs of this proceeding.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
                                                                JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, J. _____
CONCUR.                                              JUDGE

_____
                                                                JUDGE