OPINION
{¶ 1} Defendant-appellant Jeanne Murphy appeals the March 31, 2005 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, granting plaintiff-appellee Dustin Mosberger's motion to modify the allocation of parental rights, terminating the parties' Shared Parenting Agreement, eliminating appellant's visitation rights and ordering she pay child support to appellee.
 STATEMENT OF THE FACTS AND CASE. {¶ 2} The parties share one child, Alec Murphy, born on April 26, 2000. On March 7, 2002, the parties entered into a Shared Parenting Agreement, which was subsequently adopted by the trial court. On September 30, 2004, appellee filed a motion for modification of the allocation of parental rights. Specifically, appellee alleged appellant had been evicted from her residence, had not properly cared for Alec, including beating him, and when picking up Alec, appellant appeared to be under the influence of alcohol and/or other drugs.
 {¶ 3} On October 26, 2004, the trial court, via an ex parte Judgment Entry, designated appellee the temporary residential parent and legal custodian. On November 29, 2004, the trial court conducted a pretrial and issued interim orders directing appellant's visitation be supervised and she submit to drug testing. Appellant failed to submit to the drug test, and appellee filed a motion for contempt.
 {¶ 4} On March 31, 2005, the trial court again conducted a pretrial hearing, and without the presentation of evidence, the court, via Judgment Entry, granted the motion for modification of the allocation of parental rights, terminated the parties' Shared Parenting Agreement, eliminated appellant's visitation and ordered appellant pay child support.
 {¶ 5} Appellant now appeals the March 31, 2005 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, assigning as error:
 {¶ 6} WHETHER APPELLANT WAS DENIED HER DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSITUTION WHEN THE COURT TERMINATED THE SHARED PARENTING PLAN, GRANTED APPELLEE LEGAL CUSTODY OF THE ABOVE-CAPTIONED CHILD, ELIMINATED APPELLANT'S PARENTING TIME, AND ORDERED HER TO PAY CHILD SUPPORT WITHOUT GIVING HER NOTICE AND AN OPPORTUNITY TO BE HEARD?
 {¶ 7} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED THE SHARED PARENTING PLAN, GRANTED APPELLEE LEGAL CUSTODY OF THE ABOVE-CAPTIONED CHILD, ELIMINATED APPELLANT'S PARENTING TIME, AND ORDERED HER TO PAY CHILD SUPPORT WITHOUT ANY EVIDENCE BEING PRESENTED NOR THE REQUISITE FINDINGS BEING MADE?
 I {¶ 8} In the first assignment of error, appellant maintains the trial court violated her due process rights by not affording her notice of the trial court's intent to address the merits of the case at the pretrial conference, or affording her an opportunity to present evidence regarding the same. We agree.
 {¶ 9} A parent's right to raise and nurture a child is an "essential" and "basic civil right." In re Murray (1990), 52 Ohio St.3d 155, 157,556 N.E.2d 1169, citing Stanley v. Illinois (1972), 405 U.S. 645, 651,92 S.Ct. 1208, 31 L.Ed.2d 551. The relationship between a parent and a child is a constitutionally protected liberty interest for which due process of law affords a parent the right to adequate notice and an opportunity to be heard. "The fundamental requirement of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'" Matthews v. Eldridge (1976), 424 U.S. 319, 333, 96 S.Ct. 893,47 L.Ed.2d 18, quoting Armstrong v. Manzo (1965), 380 U.S. 545, 552,85 S.Ct. 1187, 14 L.Ed.2d 62.
 {¶ 10} In the case sub judice, the trial court did not notify appellant of its intent to address the merits of the pending motions at the March 31, 2005 pretrial conference. Further, the trial court did not afford appellant an opportunity to present evidence on her behalf. Upon review, the trial court violated appellant's due process rights by failing to afford her notice and an opportunity to be heard prior to terminating the shared parenting plan, granting appellee legal custody, eliminating appellant's parenting time and ordering her to pay child support.
 {¶ 11} Accordingly, we sustain appellant's assignment of error, and reverse and remand this matter to the trial court for further proceedings in accordance with the law and this opinion.
 II {¶ 12} Based upon our disposition of appellant's first assignment of error, we find the second assignment of error moot.
 {¶ 13} The March 31, 2005 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings in accordance with the law and this opinion.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter remanded to the trial court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.