[Cite as *In re G.B.*, 2019-Ohio-236.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| | : | |
| | : | |
| | : | |
| IN RE: G.B. | : | Appellate Case No. 27992 |
| | : | |
| | : | Trial Court Case No. 2015-3161 |
| | : | |
| | : | (Appeal from Common Pleas Court- |
| | : | Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of January, 2019.

. . . . . . . . . . .

JAMES R. KIRKLAND, Atty. Reg. No. 0009731, 10532 Success Lane, Dayton, Ohio 45458
    Attorney for Plaintiff-Appellant Mother

ELLEN C. WEPRIN, Atty. Reg. No. 0042354, 4 E. Schantz Avenue, Dayton, Ohio 45409
    Attorney for Defendant-Appellee Father

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the court on Mother's May 4, 2018 Notice of Appeal from the juvenile court's April 6, 2018 order, which denied her three motions to show cause why Father should not be held in contempt and granted Father's motion for child support. The court issued its order without conducting an evidentiary hearing on any of the motions. We conclude that the juvenile court abused its discretion, and we reverse and remand the matter for further proceedings consistent with this opinion.

{¶ 2} Mother and Father's son, G.B., was born in 2008. The parents' litigation has a complicated history, which we reviewed in *In re G.B.*, 2d Dist. Montgomery No. 27601, 2017-Ohio-8418. This court noted that a circuit court in Oakland County, Michigan originally exercised jurisdiction over this matter, when Mother lived in Michigan. Pursuant to a 2013 order of the Michigan court, Father had custody of G.B. and Mother had parenting time. In May 2015, Mother filed a petition to register a foreign order in the Montgomery County, Ohio juvenile court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act. By mid-2015, Mother had moved to Ohio, and the Montgomery County juvenile court had accepted jurisdiction over matters related to G.B.'s parenting. In the 2017 Opinion, this court affirmed the juvenile court's April 26, 2017 judgment, which overruled Mother's contempt motion, implemented shared parenting, designated Father as the residential parent, and granted Mother visitation with G.B. pursuant to the juvenile court's standard order of visitation.

{¶ 3} This matter is now on appeal from the juvenile court's April 6, 2018 order. That order summarized the parties' filings as follows:

This matter is before the Court upon the Motions to Show Cause * * *

filed by [Mother] [on] filed March 31, 2017, April 26, 2017, and June 22, 2017. This matter is also before the Court on the Motion for Support * * * filed by [Father] * * * on March 15, 2017. A Motion to Dismiss [Father's] Motion was filed by [Mother] on March 31, 2017. A hearing on the Motion was originally scheduled for August 7, 2017. Following a series of continuances, a pre-trial hearing was conducted on January 23, 2017 [sic]. Following the pre-trial hearing, the Court ordered the parties to submit proposals to the Court to resolve the pending Motions.[1] [Father] filed a proposal on February 13, 2018. [Mother] filed a proposal on February 14, 2018. [Mother] filed replies to [Father's] proposal on February 22, 2018 and on March 12, 2018.

**{¶ 4}** The court noted that, in his proposal, Father requested that Mother pay retroactive child support "to the prior date of filing," that the parties split medical expenses "according to percentage of income," and that he be consulted prior to medical treatment. The court noted that Father also asked the court to dismiss Mother's motions to show cause.

---

[1] The court's January 24, 2018 order provided as follows:
This matter came before the Court for a pretrial hearing on January 23, 2018. In contemplation of the hearing, the Court **ORDERS** the following:
● Both parties shall submit an Affidavit of Income and Expenses for the purpose of determining a proper child support order;
● Both parties shall submit documentation of any and all medical expenses and counseling fees incurred from April 26, 2017 until present;
● Both parties shall submit a proposed parenting time agreement to the Court no later than February 14, 2018. The proposed parenting agreements shall address the issues of visitation and party communication, as well as any other issues or requests relating to parenting time deemed relevant by the parties for consideration by this Court. * * *

{¶ 5} The court noted that, in Mother's proposals, she argued that Father "denied her parenting time on various occasions and ha[d] not paid his portion of medical expenses," and Mother requested that she be named the legal and physical custodian of the child. Mother also argued that Father should be found in contempt, that she should be granted "compensatory parenting time," and that daily telephone communication with the child should be ordered. Mother also sought an award of attorney fees. In her reply to Father's proposal, Mother further asserted that "any ordered support should not be retroactive." The court noted that Mother asked the court to impute income to Father and to split medical expenses evenly.

{¶ 6} In resolving the parties' motions, the court made the following orders:

● Pick up and drop off of the child for parenting time shall occur at the child's school. All other provisions of the Standard Order of Parenting Time in regard to pick up and drop off of the child remain in effect.

● All communications between the parties shall be through Our Family Wizard. Each party shall be responsible for the yearly cost.

● Parties shall split all medical and counseling bills according to their percentage of income. In accordance with line 16 of the support worksheet, [Mother] shall be responsible for 77.38% of the medical/counseling costs, while [Father] shall be responsible for 22.62% of the costs. Each party must notify the other within three (3) days from receipt of any medical bill. Payments shall be made as soon as practicably possible.

● Unless an appointment is agreed upon by both parties, medical and

counseling appointments scheduled by one parent shall only take place during their respective parenting time schedule. The only exception shall be in the event of an emergency.

● In order to better balance the time available to each parent for the scheduling of counseling or other medical appointments, Mother shall exercise visitation with the child every week on Wednesday AND Thursday from 5:00 PM until 9:00 PM. If this additional mid-week parenting time is set to occur during a break from school, the parties shall follow the guidelines under the Standard Order of Parenting Time. All other provisions of the Montgomery County Juvenile Court Standard Order of Parenting Time shall remain in effect, including the suspension of mid-week parenting time during the child's summer vacation.

● The child shall not be removed from school premises by either party during school hours if said school days take place during the other parent's parenting time schedule, unless agreed upon by the parties or in the event of an emergency.

● A support order shall be issued in accordance with the worksheet and support order as attached and incorporated herein to this Order. [Father's] income shall be calculated based on the three year average of his base income. The support order shall be effective concurrent with the filing date of this Order.

● Each party shall be solely responsible for their own legal fees.

Based on the circumstances, the Motion(s) for Contempt are **DENIED**.

The Motion for Support is **GRANTED.**

{¶ 7} The support order attached to the juvenile court's order required Mother to pay child support in the amount of $933.31 per month when private medical insurance was provided, and $905.86 per month as well as $121.33 per month cash medical support when private health insurance was not provided. A child support computation worksheet was also attached.

{¶ 8} On April 18, 2018, Mother filed a motion for findings of fact and conclusions of law. The motion requested that "the finding of facts and conclusion of law be in accordance with Civ.R. 52" and that "there be a full hearing on all aspects of all Motions before the court that led to this decision." The juvenile court did not rule on this motion.

{¶ 9} On May 4, 2018, Mother filed a notice of appeal from the juvenile court's April 6, 2018 order; although no hearing had been held, she also filed a "Praecipe of Transcript," in which she requested "that the Court Reporter prepare a transcript of the hearing in this matter on April 6, 2018." On the same date, Mother filed a "Motion for Copy of Exhibits All Delivered to Court," in which she requested "that any exhibits in support of her Motion filed be a part of the original record of proceedings for the Court of Appeals in this matter."

{¶ 10} On May 8, 2018, Mother filed a "Motion for Stay of Judgment in Accordance with Civil Rule 62." The motion provided in part as follows:

It is requested herein that there was never a trial on the issue or decision that was a summary judgment of the court. The court entered a judgment after requesting a brief and exhibits. A brief and exhibits were submitted by the Natural Mother * * *, on the 14th day of February. The

exhibits were personally delivered to the court and reviewed by the court in reaching its decision.

It is requested in accordance with Civil Rule 62 that there be a trial of this matter.

In accordance with Civil Rule 52, there be findings of facts and conclusions of law that were requested. It is requested that there be relief for [sic] judgment in this matter as and to all aspects, including any finding of child support and failures to find additional time of the Mother with the minor child.

There has been a failure to have a record, failure to have a trial, failure to have summary judgment, failure to have ruling on the exhibits presented, failure to have visitation, failure to have telephone calls, failure to follow court orders, failure to pay monies for medical care and doctor visits, and such other relief as stated in this Motion, that same be heard forthwith, by this court and there be a stay of all provisions of this Order.

It is requested that this be immediately set for hearing in accordance with law.

{¶ 11} The juvenile court did not rule upon the motion for stay.

{¶ 12} On July 25, 2018, Mother filed a "Motion Granting a Trial." The motion provided as follows:

First, it is respectfully requested that the Court allow a trial to be heard because there was no such trial was allowed before or after receiving the Entry and Order on April 6, 2018. The judge set it on submission and

did not call it summary judgment and decided on it on summation and trial was requested.

Second, there was a motion for findings of fact and conclusions of law filed on April 18, 2018 and there has been no ruling on said motion.

Third, there was a motion for stay of judgment in accordance with civil rule 62 filed on May 8, 2018 and to date there has been no ruling on said motion.

As such, it is respectfully requested that a trial on all matters be granted. It is requested that this be immediately set for a hearing in accordance with law.

**{¶ 13}** The court did not rule on the motion for a new trial.

**{¶ 14}** Mother asserts two assignments of error herein, which we will consider in reverse order for ease of analysis. Her second assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT PROVIDING HEARING OR TRIAL ON ALL ORIGINAL MOTIONS.

**{¶ 15}** Mother asserts as follows:

According to Rule 40[2] [Mother] is entitled to a trial as it is the duty of the Court especially when [Mother] respectfully requested such hearing throughout this entire matter. Due to the lack of action by the Montgomery County Juvenile Court [Mother] has been forced to file several motions requesting relief and/or requesting a hearing on the matters. To date neither have come to fruition and [Mother] is stuck without an answer and

---

[2] Juv.R. 40 governs the appointment and authority of magistrates.

uncertainty in her legal matter. Therefore, [Mother] respectfully requests that a hearing and trial be granted on all pending matters.

We construe this assignment of error to assert that Mother was entitled to an evidentiary hearing or trial on her motions to show cause and Father's motion for child support.

**{¶ 16}** Juv.R. 19, which governs motions filed in juvenile court, provides in part: "An application to the court for an order shall be by motion. * * * It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority and may be supported by an affidavit." Finally, the rule provides: "To expedite its business, unless otherwise provided by statute or rule, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

**{¶ 17}** We initially conclude that the intent of the Court's January 24 pretrial order (requiring the parties to submit certain documents to the court) is not clear, since it ordered the parties to submit that information "in contemplation of the hearing." This could mean that "in consideration of" the previous day's pretrial hearing and pursuant to Juv.R.19, the parties must submit documents and arguments for the court to decide the pending motions without a separate hearing. Or it could mean "in anticipation of" a hearing on the pending motions, the parties must submit certain documents and arguments to assist the court at the hearing. However, this latter interpretation is weakened by the content and tenor of the parties' subsequent "proposals" and "memorandums," which sound more like closing arguments than opening statements. We conclude that the court's April 6, 2018 "Entry and Order" was not supported by the record – i.e. the filings

prior to the non-oral hearing – and constituted an abuse of discretion, insofar as it addressed disputed factual issues, such as Father's alleged underemployment and the averaging of his total income rather than his base, and Mother's and Father's diametrically opposed versions of their problems with visitation. We will further address each party's motions individually.

**Mother's Contempt Motions**

{¶ 18} The juvenile court's April 6, 2018 order overruled Mother's three contempt motions by stating, "based on the circumstances, the Motion(s) for Contempt are DENIED." This conclusion was reached without conducting an evidentiary hearing or reciting the supporting circumstances.

{¶ 19} It is within a trial court's discretion whether to provide a litigant seeking a contempt finding an evidentiary hearing. *Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, ¶ 29. A court abuses its discretion when a judgment is unreasonable, arbitrary, or unconscionable. *Abrams v. Abrams*, 2017-Ohio-4319, 92 N.E.3d 368, ¶ 19 (2d Dist.). Most often, a trial court's judgment constitutes an abuse of discretion because it is unreasonable, with an unreasonable judgment being one where there is "no reasoning process" supporting the judgment. *Id.*, quoting *DeWitt v. DeWitt*, 2d Dist. Darke No. 1386, 1996 WL 125920, *2 (March 22, 1996). A trial court, assuming factual issues exist, abuses its discretion by denying a contempt motion without conducting an evidentiary hearing. *State ex rel. Dewine v. C&D Disposal Technologies, L.L.C.*, 7th Dist. Jefferson No. 11 JE 19, 2012-Ohio-3005. Conversely, a trial court does not abuse its discretion by overruling a contempt motion without conducting an evidentiary hearing when the record, in the absence of a hearing, allows such a determination.

*Burchett v. Burchett*, 4th Dist. Scioto No. 16CA3784, 2017-Ohio-2667.

{¶ 20} We conclude that the April 6, 2018 judgment overruling Mother's contempt motions was unreasonable, and, thus, an abuse of discretion, because the judgment does not articulate the court's rationale in denying the motions. Accordingly, we hereby reverse and remand with instructions for the juvenile court to either conduct an evidentiary hearing or issue a revised judgment which articulates the court's rationale for the summary overruling of Mother's motions.

### FATHER'S CHILD SUPPORT MOTION

{¶ 21} The worksheet attached to the court's order determined each party's income based upon the affidavits the parties filed to comply with the January 24 order. Father's affidavit reported that he was self-employed, that his base income in 2015 was $35,000, that he had $75,000 in overtime, commission or bonus income in 2015, that his base income in 2016 was also $35,000, that he had $17,000 in overtime, commission, or bonus income in 2016, and that he had no income from any source in 2017. Despite the April 6 judgment's language that Father's income would be "calculated based upon the three year average of his base income," the worksheet used $31,666.67 as Father's income, which reflected neither a three-year average of his base income nor a three-year average of his total income. The worksheet also calculated Mother's income using a three-year average, based upon her affidavit. Mother's affidavit reported her 2015 income as $105,000, her 2016 income as $110,000, and her 2017 income as also $110,000, with the three-year average being $108,333.33. The support order established Mother's child support obligation using each party's three-year average income as set forth in the child support worksheet. The record establishes that Mother,

in a document filed on March 12, 2018, questioned Father's unemployed status, stating that he has a "bachelor's degree * * * and many years of professional experience." Thus, Mother requested that income be imputed to Father.

{¶ 22} We review child support decisions under an abuse of discretion standard. *Mossing-Landers v. Landers*, 2016-Ohio-7625, 73 N.E.3d 1060, ¶ 21 (2d Dist.), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). This being said, a litigant is entitled to procedural due process "where shared parenting plans are terminated, parental rights are modified, and child support payments are ordered." *Whitman v. Whitman*, 3d Dist. Hancock No. 5-05-36, 2007-Ohio-4231, ¶ 16, citing *Doerfler v. Doerfler*, 9th Dist. Wayne No. 06CA21, 2006-Ohio-6960 and *In re Murphy*, 5th Dist. Stark No. 2005CA109, 2005-Ohio-5656. Procedural due process requires "notice of the hearing and * * * an opportunity to be heard." *Id.,* citing *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Whether a person has been afforded procedural due process is a matter of law to be determined de novo. *Id.* at ¶ 15.

{¶ 23} "[T]he starting point for determining the proper amount of child support to be paid is parental income, defined as gross income for those employed to full capacity or gross income plus potential income for those not employed to full capacity." *Abrams*, 2017-Ohio-4319, 92 N.E.3d 368, ¶ 42, quoting *Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 12AP-1042, 2014-Ohio-1252, ¶ 7. (Other citations omitted.)

{¶ 24} We conclude that the juvenile court abused its discretion in establishing Mother's child support obligation. The child support order was unreasonable because it did not address, and without a hearing could not address, Father's unemployment and

whether, based upon the circumstances of the unemployment, it was appropriate to impute income to Father for 2017. Further, the order, without explanation and therefore unreasonably, determined Mother's child support obligation using only a portion of Father's reported income. In short, in light of the issues relating to Father's income, Mother had a due process right to be heard regarding Father's child support request. Accordingly, we reverse the juvenile court's child support order and remand the issue to the juvenile court so that an evidentiary hearing can be conducted.

{¶ 25} Based upon the foregoing, Mother's second assignment of error is sustained.

{¶ 26} Mother's first assignment of error is as follows:

THE TRIAL COURT DID ERR IN NOT RULING ON PENDING MOTIONS.

{¶ 27} Mother argues that, upon receiving the juvenile court's order of April 6, 2018, she "timely filed for recordings of the proceedings and other additional filings were done. A new trial was requested and to date there has been no ruling from the Court." Mother asserts that she "requested that a finding be made in accordance with Civil Rule 52 and that a full hearing be granted. To date there has been no ruling on said motion nor has a trial date ever been set nor has there ever been summary judgment." Mother argues the "Court has a duty to provide answers to pending motions whether it is to grant or deny motions. Due to Montgomery County Juvenile Courts not ruling on said pending motions presented by [Mother] it is requested they do so in accordance with the law. Thus have a hearing or a trial that was never granted."

{¶ 28} Mother's May 8, 2018 motion for a stay and her July 25, 2018 motion for a

trial were filed after her notice of appeal, and thus are not properly before this court. Therefore, Mother's second assignment of error is overruled.

{¶ 29} The judgment of the trial court is reversed, and the matter is remanded for further proceedings in accordance with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

James R. Kirkland
Ellen C. Weprin
Hon. Helen Wallace